**Michael J. ODOM, Plaintiff—Appellant,**

v.

**Bill KOLENDER, San Diego Sheriff, Defendant—Appellee.**

No. 06–56180.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 10, 2007.

Michael J. Odom, San Diego, CA, pro se.

David L. Brodie, City Attorney, Office of the County Counsel, San Diego, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Michael J. Odom, civilly detained in California as a sexually violent predator ("SVP"), appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging defendant failed to protect him from inmates while he was housed at the San Diego County Jail ("jail") awaiting commitment proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

Even if Odom could show defendant participated in a violation of his constitutional rights after he was placed in the general population of the jail, the district court properly concluded defendant was entitled to qualified immunity because the law regarding placement of civil detainees within the jail was not clearly established at the time of the alleged violation. *See Motley v. Parks,* 432 F.3d 1072, 1077 (9th Cir. 2005) (en banc); *Jones,* 393 F.3d at 934 (presumption of unconstitutionally punitive treatment arises where individual awaiting SVP commitment proceedings is "detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held").

The district court did not abuse its discretion in denying Odom's motion for additional discovery under Fed.R.Civ.P. 56(f), because Odom failed to show how additional evidence would preclude summary judgment. *See id.* at 930–31.

Odom's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.